COMMONWEALTH of Pennsylvania, Appellee,

v.

**Ronald L. KIMBLE, Appellant.**

Superior Court of Pennsylvania.

Argued March 15, 2000.
Filed July 10, 2000.

Suzanne S. Smith, York, for appellant.

Edward A. Paskey, Asst. Dist. Atty., York, for Com., appellee.

Before CAVANAUGH, HUDOCK and HESTER, JJ.

HUDOCK, J.:

¶ 1 This is an appeal from the judgment of sentence imposed upon Appellant after a jury convicted him of involuntary deviate sexual intercourse (IDSI), statutory sexual assault, indecent assault and corruption of minors as a result of his conduct toward his eight-year-old stepdaughter. He was sentenced to an aggregate term of twelve

and one-half to twenty-five years of imprisonment. This direct appeal followed. We affirm.

¶ 2 In his issues, Appellant challenges the propriety of several of the trial court's pretrial rulings, asserts trial court error, challenges both the sufficiency and weight of the evidence supporting his convictions, as well as the assertion of several sentencing claims. Before addressing the merits of these claims, however, we must first determine whether they are properly before us. On April 28, 1999, the trial court directed Appellant to file a statement of matters complained of on appeal in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Included in this directive was the statement that "[a] failure to comply with this direction may be considered by the Appellate Court as a waiver of all objections to the Order, ruling or other matter complained of." The docket entries reflect that notice of this order was served on the parties that same day.

¶ 3 On May 24, 1999, the trial court filed the following Rule 1925(a) statement:

> On April 28, 1999, the Trial Court directed [Appellant] to file a Statement of Matters Complained Of on Appeal. Pennsylvania Rule of Appellate Procedure 1925(b) requires such statements to be filed "no later than 14 days after entry of such order" and a failure to comply may be considered as a waiver of all objections to the order, ruling or other matter complained of. See [Pa. R.A.P.] 1925(b) and *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998).
>
> Based upon the foregoing, and the Court's further review of our Order and determinations of March 31, 1999, we are satisfied that justice was achieved and thereby affirm said Order.

Trial Court Opinion, 5/24/99, at 1–2. Two days later, Appellant's Rule 1925(b) statement was filed. Within this statement, Appellant raised the issues referenced above.

¶ 4 In *Commonwealth v. Overby*, 744 A.2d 797 (Pa.Super.2000), the trial court, by order docketed on December 11, 1998, directed the filing of a Rule 1925(b) statement within fourteen days. In a two sentence memorandum opinion docketed March 25, 1999, the trial court observed that, to date, no Rule 1925(b) statement had been filed by counsel and that counsel had not otherwise contacted the court. Thus, the trial court determined that it was without a basis to render an opinion, but suggested dismissal of the appeal as the record was free from error. A panel of this Court found that the appellant's "failure to file a timely 1925(b) statement render[ed] no issue preserved for appellate review." *Overby*, 744 A.2d at 797.

¶ 5 In reaching this conclusion, the *Overby* panel reasoned:

> In [*Commonwealth*] v. *Lord*, 553 Pa. 415, 719 A.2d 306 (1998), the supreme court held that from October 28, 1998, forward, in order to preserve claims for appellate review, an appellant must comply whenever the trial court orders the filing of a statement of matters complained of on appeal pursuant to Pa. R.A.P.1925. "Any issues not raised in a 1925(b) statement will be deemed waived." *Id.* 553 Pa. at 420, 719 A.2d at 309. Counsel failed to file a 1925(b) statement within 14 days, or, indeed, prior to the lower court's memorandum opinion on March 25, 1999. The requested statement was filed with the lower court on April 16, 1999, and transmitted to this court on the same day. The trial court never had the opportunity to address the issues raised on appeal since it did not have the benefit of the statement.
>
> In *Lord*, the supreme court noted the importance of Rule 1925 in the appellate process. It is intended as an aid to trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. *Id.* 553 Pa. at 419, 719 A.2d at 308. By the late filing of the statement, only after the lower court

had transmitted its opinion and the rest of the record to this court, appellant has ignored the crucial role of Rule 1925 in the appellate process. We conclude, therefore, that no issues have been preserved for appellate review.

*Overby*, 744 A.2d at 798.

¶ 6 Unlike the facts of *Overby*, in the present case we note that Appellant's Rule 1925(b) statement was docketed just two days following the entry and service of the trial court's Rule 1925(a) statement.[1] Nevertheless, Appellant's failure to file the statement in a timely manner deprived the trial court of any basis upon which to prepare an opinion. In fact, had the trial court stated its belief as to which issues would be appealed, and addressed them, we would still find waiver. *See Commonwealth v. Steadley*, 748 A.2d 707, 709 (Pa.Super.2000) (finding that the appellant waived his claim because she neglected to file a Rule 1925(b) statement even though the trial court, in anticipation of what the appellant might raise, addressed a suppression issue; [i]f we allow review of cases where a trial judge determined which issues an appellant could raise and how to frame those issues, that appellant would potentially lose a variety of protected constitutional rights); *compare Commonwealth v. Ortiz*, 745 A.2d 662, 663 n. 3 (Pa.Super.2000) (concluding meaningful appellate review could proceed under the *Lord* rationale because the appellant did file a Rule 1925(b) statement, albeit late, before the trial court drafted its opinion).

¶ 7 Judgment of sentence affirmed.

---

1. Appellant's Rule 1925(b) statement reads, "AND NOW, this 17 th day of May, 1999, comes the above defendant by his attorney ... and delineates the matters complained of on appeal[.]" We note that even were we to consider this date as the date of filing, Appellant's statement remains untimely.