PROVIDENT NATIONAL BANK, N.A., Appellee,

v.

Jen–Shenn SONG and Sue–Jen Song, Appellants.

Superior Court of Pennsylvania.

Submitted May 12, 2003.

Filed Sept. 9, 2003.

Jen–Shenn Song, appellant, pro se.

Arthur L. Sagnor, West Chester, for appellee.

Before: JOHNSON, BENDER, and MONTEMURO *, JJ.

JOHNSON, J.

¶ 1 Jen–Shenn Song and Sue–Jen Song appeal, *pro se,* from an order denying their Petition to set aside the Sheriff's Sale of their real property. The Songs contend that it was error for the trial court to affirm the sheriff's sale because Provident National Bank (hereinafter "the Bank") conducted an unfair sale, unfairly marketed the property, undersold the property and misstated the true debt owed on the property. The Songs also contend that their due process rights were violated because the Bank failed to provide them with adequate notice of the total debt to be paid and that there is a material dispute regarding the amount of interest owed on the debt. Upon review, we find no error and thus affirm the trial court's order.

¶ 2 The record establishes the following facts and procedural history:

* Retired Justice assigned to the Superior Court.

[The Songs] are the former owners of three properties identified as 511 Thomas Road, Downingtown, Pennsylvania; 512 Thomas Road, Downingtown, Pennsylvania; and 5 Ingleside Drive (Lot 21–4), Coatesville, Pennsylvania. On December 19, 1989, [the Songs] obtained a home equity line of credit from [the Bank] in the amount of $170,000. Mortgage instruments were executed on the above named properties in order to secure this line of credit. On October 15, 1992, [the Bank] filed a Complaint in Mortgage Foreclosure alleging that [the Songs] had defaulted on their mortgage payment and had failed to make a payment since June 5, 1992. The Complaint alleged that [the Songs] failed to pay $183,715.73 on this debt. [The Songs] accepted service of this Complaint on December 7, 1992.

[The Songs] filed a response to this Complaint, *pro se* [,] and admitted the mortgage debt, admitted they received all the notices, and admitted that they did not cure the default and did not have the assets to pay this debt. On June 10, 1992, [the Bank] filed a Motion for Summary Judgment, which was granted on July 26, 1993 in the amount of $196,117.21 by the Honorable Paula Francisco Ott.

From 1993 until 2001, [the Bank] scheduled numerous sales of these properties through the Sheriff of Chester County. The sales were continued numerous times: six times due to six separate bankruptcy filings by [the Songs], and several other times by mutual consent of the parties in order to afford [the Songs] the opportunity to make partial payments and avoid sale of the properties. [The Songs] failed to make the promised payments. Finally, the three properties were sold at sheriff's sale on March 16, 2001 for one dollar.

On March 29, 2001, [the Songs] filed a Petition to Set Aside Sheriff's Sale. [The Songs'] petition was denied following a hearing on December 16, 2002.

Trial Court Opinion, 2/11/03, at 1–2. The Songs now appeal and raise the following issues for this Court's review:

A. WHETHER THE LOWER COURT ERRONEOUSLY AFFIRMED THE SHERIFF'S SALE SINCE THE LENDER CONDUCTED AN UNFAIR SALE, UNFAIRLY MARKETED THE PROPERTY, ERRONEOUSLY STATED THE TRUE DEBT OWED ON THE PROPERTY AND UNDERSOLD THE PROPERTY?

B. WHETHER THE LENDER'S FAILURE TO PROVIDE ADEQUATE NOTICE OF THE ALLEGED TOTAL DEBT TO BE PAID AT THE SHERIFF'S SALE IS A VIOLATION OF DUE PROCESS?

C. WHETHER A JUSTIFIED MATERIAL DISPUTE EXISTS AS TO THE AMOUNT OF INTEREST OWED ON A DEBT IS A GOOD CAUSE TO SET ASIDE A SHERIFF'S SALE?

Brief for Appellant at 4.

¶ 3 Before we address the merits of these claims, however, we must determine whether they are properly before us for appellate review. In its brief, the Bank contends that issues B and C, set forth above, are waived because the Songs failed to raise them in both their Statement of Matters Complained Of On Appeal and their Petition to Set Aside the Sheriff Sale of Real Property. Brief for Appellee at 9. Moreover, in its 1925(a) opinion, the trial court acknowledges that the Songs' Statement of Matters Complained of on Appeal failed to specifically enumerate the alleged

errors made by the trial court, and thus handicapped its ability to directly address the issues underlying the Songs' appeal.

¶ 4 Pennsylvania Rule of Appellate Procedure 1925(b) allows the trial court to issue an order directing the appellant to serve on the trial judge a concise statement of matters complained of on appeal no later than 14 days after entry of such an order. *See* Pa.R.A.P.1925(b); *see also Giles v. Douglass,* 747 A.2d 1236 (Pa.Super.2000). Rule 1925(b) states in pertinent part:

**Rule 1925. Opinion in Support of Order**

\*   \*   \*   \*   \*   \*

**(b) Direction to file statement of matters complained of.** The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pa.R.A.P.1925(b). The Supreme Court discussed Rule 1925(b) in *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998). In *Lord,* the Court held that "from this date forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Id.* at 309. This Court later addressed *Lord* in *Commonwealth v. Overby,* 744 A.2d 797 (Pa.Super.2000). In *Overby,* the trial court directed appellant to file a Rule 1925(b) statement, but the appellant failed to comply with the order. *See id.* The trial court determined that it was without

a basis to render an opinion, but suggested a dismissal of the appeal as the record was free from error. *See id.* On appeal, this Court deemed all issues raised on appeal to be waived because appellant's failure to adhere to the court order hampered the trial court's ability to prepare its 1925(a) opinion and thereby hindered the appellate review process. *See id.* at 798.

¶ 5 In the present case, the Songs filed a timely document titled "Concise Statement of Matters Complained of on Appeal." However, the document, which contained twenty-six numbered paragraphs, failed to specifically enumerate any alleged errors made by the trial court. As a result of the defective document, the trial court was unable to specially address the claims that the Songs raise on appeal. Instead, the trial court's opinion addresses the arguments that the Songs raised in their petition to set aside the sheriff's sale and sets forth its rationale for denying the Songs' petition. The Songs contend that English is not their primary language, and therefore urge this Court not to "penalize" them for "reduc[ing]" and "reword[ing]" the Statement of Matters Complained of on Appeal into "three main issues." Reply Brief for Appellant at 5–6. We are compelled to conclude, however, that the "three main issues" the Songs seek to raise now are not apparent in their 1925(b) statement.

¶ 6 In *Riley v. Foley,* 783 A.2d 807, 813 (Pa.Super.2001), this Court concluded that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. The Songs' failure to adequately set forth the issues they seek to raise on appeal in a concise manner limited the trial court's capacity to prepare an opinion addressing its alleged errors and thereby frustrates

this Court's ability to engage in a meaningful and effective appellate review process. *See Commonwealth v. Steadley,* 748 A.2d 707, 709 (Pa.Super.2000). *See also Commonwealth v. Kimble,* 756 A.2d 78, 80 (Pa.Super.2000). Fortunately, the trial court was able to aptly deduce the Songs' first issue raised on appeal from the Songs' Petition to Set Aside Sheriff's Sale and thus provided this Court with a well-reasoned analysis regarding its decision. Accordingly, our ability to review the first issue is not hampered. The same cannot be said, however, for the second and third issues. Accordingly, pursuant to the Supreme Court's holding in *Lord,* we conclude that the Songs have waived the second and third issues that they raised on appeal. *See Lord,* 719 A.2d at 309. We will now address the Songs' remaining contention.

▮ ¶ 7 In their first question presented, the Songs contend that the trial court committed reversible error when it denied their petition to set aside the sheriff's sale of their three properties. Brief for Appellant at 12. Specifically, the Songs contend that the Bank sold the properties for a grossly inadequate price, failed to properly credit and modify the execution amount, and prevented interested buyers from bidding on the property. Brief for Appellants at 13. Upon review, we conclude that the Songs' contentions are without merit.

▮ ¶ 8 When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, it is recognized that the trial court's ruling is one of discretion, thus a ruling will not be reversed on appeal absent a clear demonstration of an abuse of that discretion. *See Blue Ball National Bank v. Balmer,* 810 A.2d 164, 167 (Pa.Super.2002).

> The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. *Kaib v. Smith,* [ ] 684 A.2d 630 ( [Pa.Super.] 1996). A sale may be set aside upon petition of an interested party where "upon proper cause shown" the court deems it "just and proper under the circumstances." Pa.R.C.P. 3132. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. *Bornman v. Gordon,* [ ] 527 A.2d 109, 111 ( [Pa.Super.] 1987). Courts have entertained petitions and granted relief where the validity of sale proceedings is challenged, or a deficiency pertaining to the notice of sale exists or where misconduct occurs in the bidding process. *National Penn Bank v. Shaffer,* [ ] 672 A.2d 326 ( [Pa.Super.] 1996). Where a sale is challenged based upon the adequacy of the price our courts have frequently said that mere inadequacy of price standing alone is not a sufficient basis for setting aside a sheriff's sale. *Fidelity Bank v. Pierson,* [ ] 264 A.2d 682 ( [Pa.] 1970). However where a "gross inadequacy" in the price is established courts have found proper grounds exist to set aside a sheriff's sale. *Capozzi v. Antonoplos,* [ ] 201 A.2d 420, 422 ( [Pa.] 1964). The courts have traditionally looked at each case on its own facts. *Scott v. Adal Corp.,* [ ] 509 A.2d 1279, 1283 ( [Pa.Super.] 1986). "It is for this reason that the term 'grossly inadequate price' has never been fixed by any court at any given amount or any percentage amount of the sale." *Id.* Further, it is presumed that the price received at a duly advertised public sale is the highest and best obtainable. *First Federal Sav. & Loan Assoc. v. Swift,* [ ] 321 A.2d 895 ( [Pa.] 1974).

*Id.* at 166–167.

¶ 9 In their brief, the Songs fail to provide this Court with any legal authority

that establishes that the trial court erred when it declined to grant their petition to set aside the sheriff's sale. The Songs also fail to provide any evidence of irregularities at the sheriff's sale, the Bank's interference with potential bidders, or gross inadequacy of the sale price. It is well established that the appellant bears the burden of establishing his entitlement to relief by showing that the trial court's ruling is erroneous under the evidence or the law. *See Miller v. Miller,* 744 A.2d 778, 788 (Pa.Super.1999). The Songs' arguments do not establish that the trial court's decision was contrary to either the evidence or the law; thus, they fail to meet their requisite burden of persuasion. Accordingly, we are constrained to conclude that the trial court did not abuse its discretion when it declined to grant the petition to set aside the sheriff's sale of real property.

¶ 10 For the foregoing reasons, the order of the trial court is affirmed.

¶ 11 Order **AFFIRMED**.

¶ 12 Judge MONTEMURO files a Dissenting Opinion.

MONTEMURO, J., Dissenting.

¶ 1 I respectfully dissent. Because, as the Majority points out, (Majority Opinion at 5) the issues raised on appeal do not appear in Appellants' 1925(b) Statement, I believe they have been waived, and are not properly before the Court.