J-S59017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS E. DOUGHTY | : | |
| | : | |
| Appellant | : | No. 1169 EDA 2018 |

Appeal from the Order Entered March 12, 2018
In the Court of Common Pleas of Chester County Civil Division at No(s):
2014-02037-RC

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 10, 2018**

Thomas E. Doughty appeals, *pro se*, from the order, entered in the Court of Common Pleas of Chester County, denying his petition to set aside a sheriff's sale.  Upon review, we affirm.

The trial court set forth the factual and procedural history of this matter as follows:

On July 12, 2007, [Doughty] executed and delivered a mortgage on 872 Spring City Road, Phoenixville, Pennsylvania ("Property") to Well[s] Fargo Bank, NA ("Bank") in the amount of $184,500 ("Mortgage").  The Mortgage was recorded on July 20, 2007. [Doughty] also executed a promissory note agreeing to repay the loan on a monthly basis.  [Doughty] defaulted under the terms of the Mortgage by failing to make payments due October 1, 2013 and each month thereafter.

On March 13, 2014, the Bank commenced this foreclosure action. [Doughty] was duly served and pleadings closed on or about October 20, 2015.  On August 19, 2016, summary judgment was entered in favor of the Bank in the amount of $199,577.64. [Doughty] sought reconsideration, which was granted to review

documents [Doughty] submitted, but summary judgment was then reinstated by order dated December 22, 2016.

The Property was sold a sheriff's sale on September 21, 2017 to the attorney on the writ.

On November 22, 2017, [Doughty] filed a suggestion of bankruptcy.

On December 19, 2017, [Doughty] filed a document titled "Emergency Petition to Reverse the Sale of Defendant's Property and to Deny Confirmation of Title and Notice of Filing Complaint Case in the United States District Court of Pennsylvania." The petition was two pages long and sought relief, specifically a stay, based on the pendency of a newly filed action in the United States District Court for the Eastern District of Pennsylvania at No. 17-5018. A copy of [Doughty's] filing with the Eastern District was attached.

On January 8, 2018, [Doughty] was directed to provide a rationale for the court to act on his emergency petition given the automatic bankruptcy stay. It was determined that the action was not stayed because of the frequency of [Doughty's] bankruptcy filings.

A rule order was entered to dispose of the emergency petition. The Bank filed an answer and memorandum of law. [Doughty] filed multiple documents in support of his emergency petition. A hearing was held on March 9, 2018, at which [Doughty] failed to submit any evidence[,] relying instead on the documents he had filed. Three days later the order that is now on appeal was entered.

The sheriff's deed was recorded on April 4, 2018.

Trial Court Opinion, at 1-2.

Doughty filed a timely notice of appeal on April 10, 2018, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Doughty raises the following claims for our review:

[1.] Did the [c]ourt of [c]ommon [p]leas err in not addressing [the] claim that Wells Fargo was not the holder of the Note at the time the complaint was filed and therefore not entitled to enforce the Note?

[2.] Did the [c]ourt of [c]ommon [p]leas err in not addressing the claim that [Wells Fargo] was not the real party in interest and therefore [Wells Fargo] improperly invoked the jurisdiction of the [c]ourt?

[3.] Did the [c]ourt of [c]ommon [p]leas err in not addressing the claim that an order issued by a court without jurisdiction is void *ab initio*?

Brief of Appellant, at 2-3.

"When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, it is recognized that the trial court's ruling is one of discretion, thus a ruling will not be reversed on appeal absent a clear demonstration of an abuse of that discretion." ***Provident Nat. Bank, N.A. v. Song***, 832 A.2d 1077, 1081 (Pa. Super. 2003), citing ***Blue Ball National Bank v. Balmer***, 810 A.2d 164, 167 (Pa. Super. 2002).

The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. ***Kaib v. Smith***, [ ] 684 A.2d 630 ([Pa. Super.] 1996). A sale may be set aside upon petition of an interested party where "upon proper cause shown" the court deems it "just and proper under the circumstances." Pa.R.C.P. 3132. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. ***Bornman v. Gordon***, [ ] 527 A.2d 109, 111 ([Pa. Super.] 1987). Courts have entertained petitions and granted relief where the validity of sale proceedings is challenged, or a deficiency pertaining to the notice of sale exists or where misconduct occurs in the bidding process. ***National Penn Bank v. Shaffer***, [ ] 672 A.2d 326 ([Pa. Super.] 1996).

***Song***, 832 A.2d at 1081, quoting ***Balmer***, 810 A.2d at 166-67. The burden of proof rests upon the petitioner to demonstrate by clear and convincing evidence that the circumstances warrant relief. ***Jefferson Bank v. Newton Associates***, 686 A.2d 834, 838 (Pa. Super. 1996).

In his petition to set aside the sheriff's sale, Doughty did not present to the trial court any claims relating to the circumstances of the sale itself, i.e. lack of notice, insufficient sales price. **See Song**, 832 A.2d at 1081 (courts have granted relief from sheriff's sale where validity of sale proceedings is challenged, or deficiency pertaining to notice of sale exists or where misconduct occurs in bidding process). Rather, Doughty sought relief based on the fact that he had filed a complaint in the U.S. District Court,[1] and asked that the sale be "reversed" pending a determination in the federal matter. However, Doughty's federal complaint was grounded in the very same claims he raised in defense of Wells Fargo's underlying state court foreclosure action, which the court ultimately found to be lacking merit.[2] **See** Defendant's

_____

[1] Although the copy of the federal complaint attached to Doughty's emergency petition was not time-stamped, his signature thereon is dated November 6, 2017.

[2] To the extent that Doughty attempts to raise on appeal a new claim that the trial court lacked jurisdiction to hear the foreclosure matter, he is entitled to no relief. Challenges to subject matter jurisdiction are non-waivable and may be raised by the parties, or the court *sua sponte*, at any time. **Robert Half Int'l, Inc. v. Marlton Techs., Inc.**, 902 A.2d 519, 525 (Pa. Super. Ct. 2006) (en banc). However, in his brief, Doughty bases his jurisdictional argument on his assertion that Wells Fargo lacked standing to pursue the foreclosure action. In doing so, Doughty conflates the concepts of "standing" and "jurisdiction." "[T]he doctrine of standing is a prudential, judicially created principle designed to winnow out litigants who have no direct interest in a judicial matter. For standing to exist, the underlying controversy must be real and concrete, such that the party initiating the legal action has, in fact, been aggrieved." **Grimm v. Grimm**, 149 A.3d 77, 83 (Pa. Super. 2016) (ellipses and citation omitted). In Pennsylvania, "[w]hether a party has standing to maintain an action is not a jurisdictional question." **In re Adoption of Z.S.H.G.**, 34 A.3d 1283, 1289 (Pa. Super. 2011) (per curiam) (internal

- 4 -

Objection to Plaintiff's Motion for Summary Judgment, 5/9/16 (raising issues relating to standing and possession and ownership of note). As such, Doughty's petition was clearly an attempt to obtain relief from the sheriff's sale while he sought a "second bite at the apple" in federal court. However, it is apparent that Doughty's federal claims were barred by the doctrine of collateral estoppel.

The doctrine of collateral estoppel precludes relitigation of an issue determined in a previous action where:

> (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

*Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 50–51 (Pa. 2005), quoting *Office of Disciplinary Counsel v. Duffield*, 644 A.2d 1186, 1189 (Pa. 1994).

Here, in deciding Wells Fargo's summary judgment motion, the trial court addressed the same issues that form the basis Doughty's claims in federal court, i.e., lack of standing and possession/ownership of the note. In rejecting Doughty's defense, the court necessarily determined that Wells

---

quotation marks and citation omitted). It is beyond cavil that the courts of common pleas of this Commonwealth possess subject matter jurisdiction over mortgage foreclosure proceedings.

Fargo had standing and possessed the note. Second, the trial court's grant of summary judgment, which Doughty did not appeal, constituted a final adjudication on the merits. *See Cigna Corp. v. Executive Risk Indem., Inc.*, 111 A.3d 204, 214 (Pa. Super. 2015) ("A judgment is deemed final for purposes of res judicata or collateral estoppel unless or until it is reversed on appeal."). Third, Doughty was a party to the state court foreclosure proceeding. Fourth, Doughty had a full and fair opportunity to litigate the issues. Finally, because Wells Fargo could not proceed with the foreclosure without standing, the trial court's determination was central to the final judgment.[3]

Because the only basis of Doughty's petition to set aside the sheriff's sale was the existence of a federal lawsuit, which we have concluded was barred by the doctrine of collateral estoppel,[4] Doughty did not satisfy his

---

[3] We note that the U.S. District Court for the Eastern District of Pennsylvania reached the same conclusion and dismissed Doughty's complaint. *See Doughty v. Wells Fargo Bank, N.A.*, 2018 WL 1784159, at *2 (E.D. Pa. Apr. 13, 2018).

[4] The trial court concluded that Doughty's claims were barred by the doctrine of res judicata. Collateral estoppel (also known as "issue preclusion") is closely related to res judicata, but possesses certain distinctions. The doctrine of res judicata bars any future suit on the same cause of action between the same parties and requires that both the former and latter suits possess the following common elements: (1) identity in the thing sued upon; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of the capacity of the parties suing or being sued. *Chada v. Chada*, 756 A.2d 39, 42-43 (Pa. Super. 2000). As set forth above, collateral estoppel does not require identity of causes of action or parties. *Id.* Here, while the issues Doughty raised in state and federal court are identical, the

burden of proving circumstances warranting the exercise of the court's equitable powers. **Song**, **supra**. Accordingly, the trial court did not abuse its discretion in denying his petition to set aside the sheriff's sale.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/10/18</u>

---

causes of action are not. Accordingly, collateral estoppel, rather than res judicata, applies. However, we may affirm the trial court's order on any basis if the result is correct. **Greenberg v. McGraw**, 161 A.3d 976, 989 n.12 (Pa. Super. 2017).