J-A20040-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| WILIMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| TRACY L. STEWART AND JANET I. STEWART, | : : : | |
| Appellants | : | No. 12 WDA 2018 |

Appeal from the Order Entered November 21, 2017
in the Court of Common Pleas of Westmoreland County,
Civil Division at No(s):  No. 1735 of 2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          FILED DECEMBER 27, 2018

Tracy L. Stewart and Janet I. Stewart (collectively, "the Stewarts") appeal from the Order denying their Petition to Set Aside Sheriff's Sale with respect to the mortgage foreclosure and sale of property located at 2724 Lehigh Street, Lower Burrell, Pennsylvania ("the Property").  We affirm.

On May 31, 2006, the Stewarts executed a Note and Mortgage with Allstate Financial Services, Inc. ("Allstate"), for the Property.  On the same date, Allstate assigned the Mortgage and Note to CitiMortgage, Inc. ("CitiMortgage").  The Mortgage, Note, and Assignment were recorded on June 6, 2006.  The Stewarts and CitiMortgage executed a Loan Modification Agreement (the "Agreement"), dated July 12, 2011, which amended and supplemented the Mortgage and Note.

On March 15, 2012, CitiMortgage filed a Complaint in Mortgage Foreclosure. CitiMortgage alleged that the mortgage was in default because the payments due by October 1, 2011, and monthly thereafter, had not been paid. The Stewarts did not file a response to the Complaint.[1]

On May 7, 2012, upon praecipe of CitiMortgage, an in rem Judgment was entered in favor of CitiMortgage and against the Stewarts, in the amount of $177,983.11.[2] CitiMortgage filed a Praecipe for Writ of Execution.

Thereafter, in 2016, CitiMortgage assigned the Mortgage and Note to the Secretary of Housing and Urban Development (the "Secretary"), who then assigned the Mortgage and Note to Wilmington Savings Fund Society, FSB ("Wilmington"), as trustee for Stanwich Mortgage Loan Trust. Subsequently, Wilmington filed a Praecipe for Voluntary Substitution of Party Plaintiff and a Praecipe to Mark Judgment to Use Plaintiff.

On March 6, 2017, Wilmington purchased the Property at a sheriff's sale. The Stewarts filed a Petition to Set Aside Sheriff's Sale, which the trial court denied following a hearing. The Stewarts filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

_____

[1] The Stewarts were personally served with copies of the Complaint on March 20, 2012.

[2] Following a Motion by CitiMortgage, the Judgment was amended to $185,885.52.

- 2 -

On appeal, the Stewarts raise the following question for our review: "Whether the mortgage company lacked standing to prosecute the foreclosure action because of a gap in the assignments of mortgage?" Brief for Appellant at 5 (capitalization omitted).

Our standard of review is well-settled:

> When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, it is recognized that the trial court's ruling is one of discretion, thus a ruling will not be reversed on appeal absent a clear demonstration of an abuse of that discretion.

Provident Nat'l Bank, N.A. v. Song, 832 A.2d 1077, 1081 (Pa. Super. 2003).

The Stewarts argue that the mortgage holders lacked standing to bring the mortgage foreclosure action. See Brief for Appellants at 8-9. The Stewarts allege that the mortgage holders were not "parties in interest," because the assignments failed to reference the Agreement. Id. at 9.[3]

Initially, the Stewarts did not raise the lack of standing until their Petition to Set Aside Sheriff's Sale. The Petition was filed on March 31, 2017, over five years after they were served copies of CitiMortgage's Complaint. It

_____

[3] The Stewarts fail to cite any relevant case law in support of their claim that a failure to reference a mortgage modification agreement in subsequent assignments voids the mortgage holder's interest. See Commonwealth v. Phillips, 141 A.3d 512, 522 (Pa. Super. 2016) (stating that "arguments which are not appropriately developed are waived."); see also Commonwealth v. Johnson, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

is well-settled that the issue of standing is waived "if not objected to at the earliest possible opportunity." Hall v. Episcopal Long Term Care, 54 A.3d 381, 399 (Pa. Super. 2012); see also id. (stating that "challenges to a litigant's capacity to sue must be raised by way of preliminary objections or answer." (citation and brackets omitted)). Because the Stewarts did not raise the issue of standing in an answer or preliminary objections, the issue is waived.

Even if the Stewarts had preserved this claim, it is without merit. In a foreclosure action, the plaintiff can prove standing either by showing that it (1) originated or was assigned the mortgage, or (2) is the holder of the note specially indorsed to it or indorsed in blank. JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1267-68, 1268 n.6 (Pa. Super. 2013); see also CitiMortgage, Inc. v. Barbezat, 131 A.3d 65, 69 (Pa. Super. 2016) (stating that "[w]here an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights.").

Here, CitiMortgage was assigned the Mortgage and Note from Allstate, and was the holder of the Mortgage and Note when it pursued the mortgage foreclosure action. Thereafter, Wilmington was assigned the Mortgage and Note, by way of the Secretary, and promptly substituted itself for CitiMortgage as the plaintiff in the mortgage foreclosure action. See Pa.R.C.P. 2352 (stating that "[t]he successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution

is based."). Therefore, the evidence of record establishes that CitiMortgage, and subsequently Wilmington, held the Mortgage and Note by way of assignment, and were the parties in interest at all times relevant to the mortgage foreclosure proceedings and sheriff's sale. See Murray, supra; Barbezat, supra. Accordingly, the trial court did not abuse its discretion in denying the Stewarts' Petition to Set Aside Sheriff's Sale.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2018