J-A04016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| METRO BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DOUGLASS E. HOWARD, JR., | : | |
| ADMINISTRATOR OF THE ESTATE | : | |
| OF MARGARET A. HOWARD, AND | : | No. 975 MDA 2017 |
| ALL UNKNOWN HEIRS TO THE | | |
| ESTATE OF MARGARET A. HOWARD, | | |
| DECEASED | | |

Appellant

Appeal from the Order Entered May 18, 2017
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2014 CV 7968 MF

BEFORE:  STABILE, J., NICHOLS, J., and RANSOM, J.[*]

MEMORANDUM BY NICHOLS, J.:                        **FILED JUNE 01, 2018**

Appellant Douglass E. Howard, Jr.[1] appeals *pro se* from the order

denying his petition to set aside the sale of property located on 400 Beaver

Road in Harrisburg (the property).  At the time the underlying foreclosure

action was commenced, the property was part of the estate (the estate) of

Appellant's deceased mother, Margaret Howard (Decedent).  Appellant raises

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Throughout the litigation of this case, the parties have used different captions although a review of the certified record does not show that any changes to the caption have been officially made.  Accordingly, we have amended the caption in this appeal to reflect the caption of the September 23, 2014 complaint as it was originally filed in the trial court.

numerous claims asserting, in relevant part, that the trial court erred in precluding him from representing the estate in foreclosure proceedings and in preventing him from representing his own interest in the property after he transferred the property from the estate to himself. We affirm in part, vacate in part, and remand for further proceedings consistent with this memorandum.

On August 29, 2014, Appellee Metro Bank[2] filed a complaint in mortgage foreclosure against Anita Schwenk, Appellant's sister, as executrix of the subject estate.[3] This complaint was served on both Schwenk and Appellant.

On September 16, 2014, Appellant filed *pro se* preliminary objections to Appellee's complaint. He claimed, among other things, that the complaint improperly named Schwenk as the executrix.[4]

On September 23, 2014, Appellee filed an amended complaint naming

_____

[2] Metro Bank initiated the action but was later bought out by First National Bank.

[3] In Appellant's brief, he refers to "related litigation [in] CV-2013-0875" that purportedly included an action in ejectment. Appellant's Brief at 10.

[4] Appellant claims that he was named representative in "the settlement agreement for CV-2013-0875." Appellant's Brief at 10. However, the certified record discloses no further information regarding this prior action. Additionally, the certified record contains no indication that Appellant was formally recognized as the representative of the estate. In any event, both Appellant and Appellee, consistently proceeded as if Appellant represented the estate. Appellant is not licensed to practice law but acted *pro se* throughout the proceedings related to this appeal.

Appellant as the executor of the estate.[5]  On October 9, 2014, Appellant filed preliminary objections to the amended complaint.  The trial court overruled Appellant's preliminary objections on February 18, 2015, and directed that Appellant "file a responsive pleading to the Complaint within twenty (20) days of the date of this Order."  Order, 2/19/15.

On March 6, 2015, Appellant filed a "Responsive Pleading" to the amended complaint.  On March 23, 2015, Appellee filed preliminary objections to the Appellant's Responsive Pleading.  Appellee argued that the trial court should strike Appellant's Responsive Pleading for failure to comply with the Rules of Civil Procedure.  In particular, Appellee asserted that the Responsive Pleading did not respond in any meaningful way to Appellee's amended complaint, included irrelevant and impertinent allegations, and included other allegations that were insufficiently pled.

On June 22, 2015, the trial court scheduled a hearing on Appellee's preliminary objections for July 15, 2015.  On July 6, 2015, Appellee filed a motion to continue the hearing due to a scheduling conflict.  The trial court granted Appellee's motion on July 14, 2015, and rescheduled the hearing for September 3, 2015.

---

[5] Appellee refers to this filing as an amended complaint but the document is labeled "Complaint in Mortgage Foreclosure."

On August 31, 2015, Appellant filed a motion to continue the hearing.[6] Appellant averred that on August 23, 2015, he suffered a heart attack and was hospitalized until August 26, 2015. *See* Motion for Continuance, 8/23/15, at 1. Appellant stated that "he d[id] not wish to potentially aggravate the medical condition or risk the need for medical attention in the courthouse." *Id.* at 1-2.

On September 3, 2015, the trial court apparently convened a hearing. That same day, the trial court denied Appellant's motion to continue the hearing.[7]

On September 9, 2015, Appellee filed a "Motion to Strike" requesting that the trial court strike the Responsive Pleading, prohibit Appellant from filing further pleadings in this matter as he was not an attorney, and order the estate to retain counsel and file an answer to the amended complaint. On September 10, 2015, the court entered an order stating it would not entertain Appellee's motion as it failed to comply with Dauphin County Local Rule

---

[6] On August 31, 2015, Appellant also filed a motion to stay the sale of the property by the Dauphin County Tax Claim Bureau, which the trial court denied on September 3, 2015. On September 3, 2015, the trial court denied Appellant's motion because the Dauphin County Tax Claim Bureau was not a party to the matter.

[7] The trial court did not set forth its reasoning denying the motion for continuance.

208.2(d) requiring that Appellee certify that the motion and proposed order were disclosed to Appellee.[8]

On September 10, 2015, Appellant filed a "Request for Reconsideration of the Denial of [Appellant's August 31, 2015] Motion for Continuance." Appellant claimed that after he suffered a heart attack, Appellee's counsel indicated that he would concur in the continuance but did not do so.[9]

On October 14, 2015, the trial court sustained Appellee's preliminary objections to Appellant's responsive pleading and struck Appellant's Responsive Pleading. The trial court further stated:

---

[8] Dauphin County Local Rule 208.2(d) regarding certification for uncontested motions states:

> All motions shall contain a certification indicating that the moving party has disclosed the full text of the motion and the proposed order to all parties by facsimile or electronic communication, and that concurrence to both the motion and proposed order has been given or denied by each party. If facsimile or electronic communication is not possible, a copy of the motion and proposed order shall be sent by mail. If the other party fails to respond to the inquiry regarding concurrence within a reasonable time, this fact must be contained in the motion.

Dauphin Cty. L.R. 208.2(d).

The trial court here found that Appellee's motion did not include a certification indicating it "had disclosed the full text of the motion and the proposed order to all parties" or "that concurrence to both the motion and proposed order had been given or denied by each party." Order, 9/10/15.

[9] A review of the certified record does not show that the trial court ruled on Appellant's September 10, 2015 Request for Reconsideration of the Denial of the Defendant's Motion for Continuance.

- 5 -

In addition, upon it being brought to the [c]ourt's attention that [Appellant], the Administrator of [the estate], is representing the [e]state *pro se*, yet is not an attorney licensed in this Commonwealth, it is hereby ORDERED that [Appellant] may not represent the [e]state, and is barred from filing any further pleadings. **See**, **In re Estate of Rowley**, 84 A.3d [337] (Pa. Commw. Ct. 2013) (holding that an administrator of an estate may not represent the estate *pro se*, and that doing so constitutes the unauthorized practice of law). The [e]state is hereby directed that it may proceed in this matter by retaining an attorney licensed in this Commonwealth, with that attorney entering his or her appearance and filing a responsive pleading to [Appellee]'s Complaint within forty-five (45) days of the date of this Order. If no attorney enters his or her appearance and files a responsive pleading with[in] forty-five (45) days of the date of this order[], then [Appellee] shall be entitled to file a praecipe for default judgment pursuant to Pa.R.C.P. 1037 without any further notice to the [e]state.

Order, 10/14/15.

On November 10, 2015, Appellant filed an "Appeal of the Order Granted on 1[4] October 2015" (Appeal) and a "Motion to Vacate the Order Granted on 1[4] October 2015" (Motion), which raised the same claims. Specifically, Appellant argued that: (1) counsel for Appellee had initially agreed to Appellant's motion for continuance but later appeared and argued at the September 3, 2015 hearing; and (2) the trial court initially denied Appellee's September 9, 2015 motion to strike, but later granted the motion on October 14, 2015, without issuing an order to show cause. **See** Appeal of the Order Granted on 1[4] October 2015, 11/10/15, 1-2; Motion to Vacate the Order Granted on 1[4] October 2015; 11/10/15, 1-2. Appellant further claimed that

the trial court erred in precluding him from representing the estate *pro se* and directing the estate to obtain counsel.[10]

The trial court declined to consider Appellant's November 10, 2015 Appeal and Motion. The court regarded the Appeal as a notice of appeal that had to be filed with the Prothonotary in the form required by Pa.R.A.P. 904(a). The court further concluded that Appellant's Motion failed to comply with Dauphin County Local Rule 208.2(d) requiring certification of disclosure of the

---

[10] Specifically, Appellant noted that: (1) **Bass v. Leatherwood**, 788 F.3d 228 (6th Cir. 2015), held that a *pro se* defendant may represent an estate if there are no other persons or entities who have an interest in the estate and would be harmed by such representation; (2) an article from Law360 discussed **Lituchy v. Estate of Lituchy**, 61 So. 3d 506 (Fla. Dist. Ct. App. 2011) and showed there is a trend in allowing *pro se* parties to represent an estate when they were the sole beneficiaries; (3) the only other "potential beneficiary" had agreed to not object to any actions taken by Appellant, thus leaving him as the remaining beneficiary; (4) none of the remaining creditors have a claim that could be pursued against the property, and they cannot be harmed by the outcome of the litigation; and (5) there were no funds in the estate to hire counsel and if Appellant could not represent the estate *pro se* the estate would have no representation. Appeal of the Order Granted on 1[4] October 2015, 11/10/15, at 2-4; Mot. to Vacate the Order Granted on 1[4] October 2015; 11/10/15, 2-4.

Appellant also asserted that if the trial court barred him from representing his own interests, then he would "demand[] a directive to the Commonwealth Court to demand the Dauphin County District Attorney to investigate the criminal allegations presented to it by [Appellant]." Appeal of the Order Granted on 1[4] October 2015, 11/10/15, at 1-5.

motion and proposed order. The court entered orders dismissing the Appeal and Motion on November 25, 2015.[11]

On December 7, 2015, Appellee filed a praecipe to enter default judgment pursuant to the October 14, 2015 order. A judgment in favor of Appellee and against Appellant in the amount of $34,677.87 was entered on December 7, 2015.

On December 29, 2015, Appellant filed a "Motion to Vacate the Order Granted on 7 December 2013." On January 7, 2016, the trial court entered an order stating it would not entertain Appellant's December 29, 2015 "Motion to Vacate the Order Granted on 7 December 201[5]" because the default judgment was entered upon Appellee's praecipe and not by a court order. The court further stated that "should [Appellant] desire the court to consider striking the default judgment entered on December 7, 2015 a motion must be

_____

[11] On November 30, 2015, Appellant filed a notice of appeal from the October 14, 2015 order sustaining Appellee's preliminary objections, dismissing Appellant's responsive pleading, and directing that Appellant could not represent the estate *pro se*. On December 8, 2015, Appellant also filed a motion to vacate the October 14, 2015 order, which the trial court did not entertain in light of Appellant's November 30, 2015 appeal.

On May 4, 2016, this Court quashed Appellant's appeal from the October 14, 2015 order. We explained that while a default judgment was subsequently entered on December 7, 2015, "an appeal does not lie from entry of default judgment but rather from a denial of a petition for relief from default judgment." Order, 5/4/16 (citations omitted). Accordingly, we concluded that Appellant's appeal was improperly taken from an interlocutory order. *Id.* Our order further stated that "[t]o the extent [A]ppellant requested various forms of relief in his answer to this Court's show cause order . . . such requests are **DENIED**." Order, 5/4/16.

filed in conformance with Pa.R.C.P. 208.1 and Dauphin County Local Rule 208.3." Order 1/7/16.

On January 15, 2016, Appellant again filed a "Motion to Vacate the Order Granted on December 7, 201[5]." On March 2, 2016, Appellant filed a "Motion to Vacate the Judgment granted on 7 December 201[5]." The trial court did not entertain either of these motions for failure to comply with local rules.

On April 1, 2016, Appellant filed another "Motion to Vacate the Order Granted on 1[4] October 2015" raising the same arguments he had raised in his previous motions to vacate the October 14, 2015 order. The trial court denied this motion on May 17, 2016.

On April 28, 2016, Appellee filed a praecipe for writ of execution, an affidavit pursuant to Pa.R.C.P. 3129.1,[12] and a notice of the sheriff's sale. The sheriff's sale was originally scheduled for July 21, 2016.

On July 20, 2016, the day before the sheriff's sale was to take place, Appellant transferred the deed of the property from the estate to himself. *See* Motion to Reassess Damages, 1/13/17, Ex. A (containing deed of property dated July 20, 2016).

On August 18, 2016, Appellant filed a "Motion for a Stay Upon the Sale." Appellant purported to proceed in his individual capacity, rather than as the representative of the estate. Appellant claimed that: (1) he had been barred

_____

[12] Pa.R.C.P. 3129.1 sets forth the general rules and requirements for the sale of real property, including provisions for notice and the form of affidavit required.

from representing his own interest in the estate because there were insufficient funds in the estate to hire counsel to represent the estate; (2) the trial court granted the motion to strike after it had already denied the same motion; (3) the present motion was only representing himself and his own interest in the property; and (4) he would file for bankruptcy should the trial court not grant his motion. Motion for a Stay Upon the Sale, 8/18/16. Appellant's motion also changed the caption of the case to reflect himself as an individual defendant in the matter, but he did not formally move to amend the pleadings.

On September 7, 2016, Appellant filed a Chapter 13 voluntary petition for an individual in bankruptcy court. *See* Bankruptcy Petition #: 1:16-bk-03676-RNO. Counsel for Appellee entered an appearance in the bankruptcy proceeding and, on November 7, 2016, filed a motion for relief from automatic stay. On December 1, 2016, the bankruptcy court granted Appellee's motion, which it later amended on December 13, 2016. *Id.*

On January 13, 2017, Appellee filed a motion to reassess damages. Appellee argued that since the initiation of the mortgage foreclosure action it had incurred additional costs and expenses because it had to "litigate the matter in state court in order to reduce the claim to judgment, monitor and determine strategy with respect to [Appellant]'s quashed appeal with the Superior Court, and seek and obtain relief from the automatic stay in [Appellant]'s bankruptcy proceeding." Motion to Reassess Damages, 1/13/17, at 5 ¶ 24. Appellee sought to reassess damages in the amount of $57,421.64.

- 10 -

*Id.* at 5 ¶ 25. On February 21, 2017, the trial court granted Appellee's motion to reassess damages.

The sheriff's sale was held on March 2, 2017. Appellee, now known as First National Bank, purchased the property for $1,437.25.

On March 20, 2017, Appellant filed the petition to set aside the sale of the property, which gives rise to this appeal. Appellant claimed that: (1) the judgment in this matter was gained by fraud and was thus void; (2) the mortgage contract was garnered through predatory practices and was thus void; (3) Appellant was the owner and deed-holder of the property because he transferred the property to himself; (4) Appellant was not violating the order barring him from representing the estate because he is bringing this action on behalf of his own interest as heir; (5) the trial court had no basis to grant the motion to strike because it had previously denied the same motion; and (6) a hearing should be held to determine the validity of the sale. Petition to Set Aside Sale of Property, 3/20/17.

On April 6, 2017, Appellee responded to Appellant's petition to set aside the sale. Appellee stated that: (1) the loan and mortgage were not procured by fraud or predatory practices; (2) the doctrines of collateral estoppel and law of the case preclude Appellant from challenging the underlying judgment; (3) Appellant lacked standing to set aside the sale on behalf of the estate or himself; and (4) the July 20, 2016 deed transferring the property from the estate to Appellant did not impact the underlying judgment against the property.

- 11 -

Appellee also raised a new matter in which it argued that: (1) under the terms of the mortgage agreement, the decedent's death, as well as the failure to make monthly payments, constituted default; (2) after Appellee obtained default judgment, the estate did not file a petition to open or strike the default judgment; (3) Appellee previously agreed to postpone the sheriff's sale originally scheduled for July 21, 2016, because Appellant represented that he was seeking third-party refinancing, but Appellant transferred the property to himself; (4) the July 20, 2016 deed was void because the transfer of the property violated 20 Pa.C.S. § 3356;[13] (6) Appellant was not a *bona fide* purchaser; (7) the Bankruptcy Court granted Appellee's motion for relief from the automatic stay because it asserted that Appellant was attempting to make the property part of his bankruptcy estate "as part of a scheme to delay, hinder, and defraud the rightful exercise of [Appellee]'s rights under the Agreement and Mortgage"; (8) Appellant's petition to set aside the sale of the property was untimely and failed to identify a basis for the court to exercise

---

[13] Section 3356 provides:

> In addition to any right conferred by a governing instrument, if any, the personal representative, in his individual capacity, may bid for, purchase, take a mortgage on, lease, or take by exchange, real or personal property belonging to the estate, subject, however, to the approval of the court, and under such terms and conditions and after such reasonable notice to parties in interest as it shall direct. The court may make an order directing a co-fiduciary, if any, or the court's clerk to execute a deed or other appropriate instrument to the purchasing personal representative.

20 Pa.C.S. § 3356.

its discretionary powers to set aside a sale; (9) Appellant lacked standing to pursue the petition; (10) Appellant was estopped from challenging the default judgment by the doctrines of estoppel, *res judicata*, and the law of the case; (11) the relief sought by Appellant was barred by the coordinate jurisdiction rule; and (12) because Appellant has no right, title, or interest in the property, he should be prohibited from continued possession of the property. Appellee's Answer with New Matter to Petition to Set Aside Sale, 4/6/17, 3-8.

On April 17, 2017, Appellant objected to Appellee's answer and new matter. Appellant claimed that: (1) Appellee foreclosed on the property before Appellant became the estate's representative and removed the property from foreclosure; (2) Appellee offered Appellant the opportunity to cure the loan for approximately $10,000 and Appellant accepted that offer; (3) Appellant informed Appellee that should he be unable to raise the $10,000 he would seek bankruptcy protection; (4) Appellee did not serve Appellant with an Act 91[14] notice; (5) Appellee did not challenge the transfer of the property from the estate to Appellant; (6) there was a joint stipulation in which

_____

[14] 35 P.S. §§ 1680.401c *et seq*. ***See Wells Fargo Bank, N.A. ex rel. Certificate Holders of Asset Backed Pass – through Certificate Series 2004-MCWI***, 966 A.2d 1140, 1142 (Pa. Super. 2009) ("[T]he purpose of an Act 91 notice is to instruct the mortgagor of different means he may use to resolve his arrearages in order to avoid foreclosure on his property and also gives a timetable in which such means must be accomplished." (citing 35 P.S. § 1680.403c; ***Fish v. Pennsylvania Housing Fin. Agency***, 931 A.2d 764, 767 (Pa. Commw. 2007)).

the parties agreed that Appellee would not challenge the transfer of the property to Appellant; (7) Appellant's transfer of the property to himself should be allowed pursuant to 20 Pa.C.S. § 301(b);[15] (8) Appellant had standing as a direct heir of the estate and by living in the property; (9) Appellee failed to assert why Appellant was estopped from bringing his claims; (10) Appellee lacked standing; (11) transfer of the title following the Sheriff's sale would be improper while the sale was being challenged; (12) Appellee failed to exercise in a timely manner its right to demand payment in full following Decedent's death;[16] (13) Appellee improperly stated that Appellant transferred the property to himself for $1 because Appellant intended the transfer to be according to the will and court-ordered joint stipulation but the clerk required minimum consideration of $1; (14) Appellee deceived the court by omitting certain facts; (15) Appellee waived most of its claims by making

_____

[15] Section 301(b) provides:

> **Real estate.**--Legal title to all real estate of a decedent shall pass at his death to his heirs or devisees, subject, however, to all the powers granted to the personal representative by this title and lawfully by the will and to all orders of the court.

20 Pa.C.S. § 301(b).

[16] Appellant also claims that there is a joint stipulation where the parties agreed that the transfer of the property would pass unchallenged to Appellant. *See* Objection to Plaintiff/Respondent's Answer with New Matter to Petition to Set Aside the Sale of 400 Beaver Road, Harrisburg, PA 17112, 4/17/17 at 2 ¶ 5. However, a review of the certified record does not reveal this joint stipulation.

Appellant an offer to cure the loan; and (16) Appellee acted maliciously when it intervened in Appellant's bankruptcy proceeding. Objection to Plaintiff/Respondent's Answer with New Matter to Petition to Set Aside the Sale of 400 Beaver Road, Harrisburg, PA 17112, 4/17/17, at 1-5.

In Appellant's objection to Appellee's response and new matter, Appellant also raised a new matter. There, Appellant claimed: (1) Appellee lied at the bankruptcy proceedings; (2) Appellant was unduly deprived of defending this action; (3) the trial court should have granted him relief for various reasons; and (4) the statute regarding third-party representation was used for a purpose for which it was not intended. *Id.* at 5-8.

On May 18, 2017, the trial court denied Appellant's petition to set aside the sale of the property without a hearing.[17] On May 22, 2017, Appellant filed a request for reconsideration, which the trial court also denied.

On June 14, 2017, Appellant filed a notice of appeal. On June 26, 2017, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement and, on July 12, 2017, Appellant complied.[18] On August 4, 2017, the trial court filed

_____

[17] The trial court did not set forth its reasoning for denying Appellant's petition to set aside the sale of the property.

[18] Appellant raised the following eleven errors in his 1925(b) statement:

1. Appellant intends to argue that the trial court erred in dismissing the Appellants' [*sic*] demand to set aside the sale.

2. Appellant intends to argues that the trial court originally failed in dismissing then granting without warning the Appellees' [*sic*] motion to

strike. That is to say it was both judicially improper and that there were valid precedents to reconsider and overturn or vacate said order that were unjustly ignored by the trial court.

3. Appellant intends to argue that any argument for not granting the petition to set aside the sale based upon judicial traditions of not overturning previous orders within an action are moot regarding the motion to set aside.

4. Appellant intends to argue that the lower court missed a key detail in the petition to grant relief filed in 2016 and that in consideration of said petition the Superior Court should either grant relief outright or remand that to the trial court.

5. Appellant intends to argue that he was unduly deprived of the right to represent his interest per the response asking the trial court to reconsider the order striking him from representing his own interest.

6. Appellant intends to argue that the sale was unduly gained through fraud perpetuated upon the Federal Bankruptcy Court.

7. Appellant intends to argue that the sale and standing to gain the sale were done using a void or otherwise void document and that the trial court erred in not allowing Appellee to address those issues when there were no funds to hire counsel to do so.

8. Appellant intends to argue that Appellee acted unethically to gain undue advantage to gain the judgment originally striking Appellant. Specifically this is regarding issues of concurrence with a motion to continue the hearing after Appell[ant] had suffered a heart attack in August 2015 very close to the hearing date set for early September of 2015 per the undenied response in the court record. Appellee gave verbal concurrence for the continuance on short notice then showed for and argued at the hearing per the court record.

9. Appellant intends to argue the points listed in the docketing statement given to the Superior Court and mailed to Appellee's current counsel that reflect and are mostly related to the issues listed here. If the court desires to view that docketing statement it is Superior Court No. 975 MDA 2017.

a statement in lieu of a PA.R.A.P. 1925(a) opinion. There, the court stated that the appeal was untimely and should be dismissed. Statement in Lieu of 1925(a) Op., 8/4/17, at 2. In the alternative, the trial court stated that it had entered an order barring Appellant from representing the estate *pro se* and from filing further pleadings, and that Appellant had failed to follow that order. **Id.** at 2-3.

Appellant, in his *pro se* brief, divides his argument into twenty-five issues,[19] which we address in the following order:

_____

10. Appellant may, dependent upon need, at his own discretion argue against every point given by Appellee in their response to the petition to set aside the sale. Specifically within that document Appellant will likely address the issue of standing raised by Appellee unless said issue is waived by Appellee in writing.

11. Should the trial court upon receipt of this document and review the overall action decide to reconsider and set aside the sale, with or without concurrence of Appellee, Appell[ant] will withdraw the appeal as needed without prejudice.

Appellant's Pa.R.A.P. 1925(b) Statement, 7/12/17, 1-3.

[19] Appellant sets forth the following statement of questions involved in this appeal:

1. Did the trial court err in stripping the estate of it's [sic] only representation?

2. Was the statute used to strip representation misused and potentially a loophole for fraud?

3. Were there any procedural errors by the trial court or the Sheriff's Office in the processing of the complaint or the seiazure [sic] of property?

1. Was the trial court wrong to not grant reconsideration on the basis of the appeal being submitted?

2. Was it wrong to not grant reconsideration to the order striking?

3. Does the statute cited to strike [A]ppellant enable fraud or otherwise can it be used to do so?

4. Did the trial court judge retiring during the ongoing litigation affect the outcome unduly?

5. Did removing the property from the estate change the legal status of the foreclosure from against the estate to against the new owner?

6. Was it wrong to not challenge the transfer of the property from the estate and then sell a property no longer part of a judgment?

7. Was it improper to sell the property without paying off a previous lien?

8. Was the sheriff['s] sale improperly cited?

9. Was the transfer of the deed improper?

_____

4. Were there sufficient misdeeds or unethical behavior to warrant dismissal of the complaint and the setting aside of the property sale gained therein?

Appellant's Brief at 4.

While Appellant presented four questions in his statement of questions involved, the argument section of his brief is divided into twenty-five issues. *See* Pa.R.A.P. 2111(a) (stating that an appellant's brief shall contain a "separately and distinctly entitled . . . [s]tatement of the questions involved"); 2116(a) ("The statement of the questions involved must state concisely the issues to be resolved[.]"); 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]"). While, generally, issues not included in the statement of questions involved are waived, "such a defect may be overlooked where [an] appellant's brief suggests the specific issue to be reviewed and appellant's failure does not impede our ability to address the merits of the issue." *Werner v. Werner*, 149 A.3d 338, 341 (Pa. Super. 2016). Therefore, we decline to find waiver based on the form of Appellant's brief.

10.  Should the lacking of an Act 91 notice compliance be cause for dismissal?

11.  Did the trial court err in allowing [Appellee] to repeatedly rename the title of the action regarding which party it was litigating against at will from vs Schwenk to vs Estate of to vs Howard (Appellant) etc instead of dismissing the action without prejudice and forcing [Appellee] to start over in a correct manner and stick with one defendant?

12.  Did the trial court err in that in light of [A]ppellant's affidavit provided to it, a direct challenge to the [A]ppellee's standing, it failed in its judgment by not issuing upon [A]ppellee any citation to show cause to continue well prior to the motion to strike, i.e. to prove otherwise against the assertions therein or exert a proper argument that their standing is otherwise correct, lawful and untainted by fraud and meets the requirements of a valid contract according to the Commonwealth etc?

13.  Did the trial court err when it used the transfer of the appeal to the Superior Court as removing the trial court from having jurisdiction over the decision on appeal?

14.  Is [A]ppellee essentially an unindicted accessory to the crime of exploitation of the elderly in the manner in which the mortgage instrument was gained?

15.  Does [A]ppellee benefit from unethical actions by counsel?

16.  Does the passing of the property that is the subject of the mortgage foreclosure effectively void or render moot the entire reason for the order given, i.e. third party representation and therefore legally subvert or otherwise void the order given which in turn voids the judgement [*sic*] gained from said order?

17.  Was it wrong for the trial court to dismiss without at least a hearing for the petition to set aside the sale?

18.  Did the trial court violate the [A]ppellant's right to due process in initially denying the appeal of the contested order in the name of local practices?

19.  Is the mortgage instrument used to gain standing itself predatory and therefore void or the product of fraud or a product of the undue influence of a third party and otherwise void?

- 19 -

20.   Was it wrong or callous or a symptom of undue bias against [A]ppellant to deny a continuance request stemming from a recent medical issue?

21.   Was it wrong to effectively grant an order after denying the request for the same order?

22.   Did the trial court err in granting [A]ppellee's motion to strike after initially issuing an order rejecting [A]ppellee's motion to strike?

23.   Did the trial court in issuing the order to strike [A]ppellee [*sic*] essentially violate [A]ppellant's right to due process?

24.   Was it wrong to gain relief from the automatic stay through misrepresentation?

25.   Was the trial court wrong to strip the estate of the only representation available?

Appellant's Brief at 17-53.

## I.   Waived Issues

As a prefatory matter, we must determine whether Appellant has preserved his issues for appellate review.  For the reasons that follow, we conclude that Appellant has waived his first nineteen issues on appeal.

### A. Failure to include issues in Pa.R.A.P. 1925(b) statement

Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure provides that if a judge enters an order directing an appellant to file a statement of errors complained of on appeal, the appellant shall file of record and serve upon the judge such statement.  *See* Pa.R.A.P. 1925(b).  The rule further provides that the statement shall be filed of record and that any issue not properly included will be waived.  *Id.*; *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998).

In ***Commonwealth v. Schofield***, 888 A.2d 771 (Pa. 2005), the Pennsylvania Supreme Court explained that "the requirement of strict compliance with Pa.R.A.P.1925(b) guarantees a trial judge's ability to focus on the issues raised by the appellant, and thereby, allows for meaningful and effective appellate review." ***Id.*** at 774. Moreover, the Court in ***Commonwealth v. Castillo***, 888 A.2d 775 (Pa. 2005), discussed the need for uniformity among courts, and that "the system provides litigants with clear rules regarding what is necessary for compliance and certainty of result for failure to comply." ***Id.*** at 779-80.

The Pennsylvania Supreme Court has repeatedly reiterated its holding in ***Lord*** that "[a]ny issues not raised in a [Pa.R.A.P.] 1925(b) statement will be deemed waived." ***Lord***, 719 A.2d at 309; ***see Schofield***, 888 A.2d at 774 ("[F]ailure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised."); ***Castillo***, 888 A.2d at 780 (reaffirming the "bright-line rule" set forth in ***Lord***); ***Commonwealth v. Butler***, 812 A.2d 631 (Pa. 2002) (same); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Rule 1925(b)] Statement . . . are waived.").

Here, Appellant has waived issues one through sixteen for failure to include them in his Pa.R.A.P. 1925(b) statement. ***See*** Appellant's Brief at 20-23, 25, 31-38, 43, 46-47, 49-50; Appellant's Pa.R.A.P. 1925(b) Statement, 7/12/17, 1-3. Therefore, we are precluded from addressing those issues. ***See also Castillo***, 888 A.2d at 780; ***Schofield***, 888 A.2d at 774; ***Butler***, 812 A.2d 631; ***Lord***, 719 A.2d at 309

### B. Failure to develop issues

Rule 2119 of the Pennsylvania Rules of Appellate Procedure states that an argument section shall be composed of discussion and citations to relevant authority.  Pa.R.A.P. 2119.  Failure to develop an argument constitutes waiver. *See Burgoyne v. Pinecrest Community Assoc.*, 924 A.2d 675, 680 n.4 (Pa. Super. 2007).  "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant."  *In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (citation omitted).  "This Court will not act as counsel and will not develop arguments on behalf of an appellant."  *Bombar v. West American Ins. Co.*, 932 A.2d 78, 93 (Pa. Super. 2007) (citation omitted).

In Appellant's seventeenth issue, his argument consists of two sentences: "In the petition to set aside the sale there are some serious allegations of improper activity and other issues . . . .  Dismissal without giving full consideration of the issues raised gives an appearance of taking the easy way out instead of taking the time to see justice done."  Appellant's Brief at 29-30.

Appellant fails to explain which "issues raised" in his petition to set aside the sale of the property have not been considered by the trial court.  Further, Appellant's analysis section is devoid of any citation to relevant authority.  Therefore, because we cannot act as Appellant's counsel and develop his

argument for him, we find this issue waived. *See Bombar*, 932 A.2d at 93; *Burgoyne*, 924 A.2d at 680 n.4; Pa.R.A.P. 2119.

In Appellant's eighteenth issue, it is unclear what he is arguing. In his issue, as stated, he appears to be claiming that the trial court erred in not entertaining his November 10, 2015 Appeal. In his analysis section, however, he claims that "such actions on the part of the trial court should not be allowed to stand" and that "the trial court directly in said rejection violated [A]ppellant's due process rights." Appellant's Brief at 45. Appellant does not provide any explanation of what "such actions" are or how the trial court violated his due process. Moreover, Appellant provides no citation to relevant authority. Accordingly, this issue is waived. *See Bombar*, 932 A.2d at 93; *Burgoyne*, 924 A.2d at 680 n.4; Pa.R.A.P. 2119.

In Appellant's nineteenth issue, he argues that the mortgage subject of these proceedings was void because it was a predatory loan. He claims that

> the terms of the ten year loan granted to an elderly seventy seven year old person who was in failing health, on dialysis, incapable of reading, lacking in comprehension and the amount of which literally ties up the remainder of the deceased's complete income loan amount slightly over her combined monthly bills and living expenses . . . are pointers towards the loan being predatory in nature and therefore void.

Appellant's Brief at 48 (emphasis omitted). Appellant further argues that he set forth these facts in his affidavit, which he submitted to the trial court. *Id.*

Appellant's argument does not explain why or how the mortgage was a predatory loan, where the alleged fraud lies, and more importantly, refers to

- 23 -

no statute or case law to support his argument. Appellant's bald allegations are not sufficient to support his conclusory allegations and, as stated above, we cannot develop his argument for him. *See Bombar*, 932 A.2d at 93; *Burgoyne*, 924 A.2d at 680 n.4; *see also* Pa.R.A.P. 2119. Even liberally construing Appellant's analysis to this issue, the lack of "cogent legal arguments" and citations to relevant authority "hamper[] our ability to conduct meaningful appellate review." *See Ullman*, 995 A.2d at 1212.

In sum, we decline to consider Appellant's first nineteen issues based on Appellant's failure to comply with Pa.R.A.P. 1925(b) and this Court's briefing requirements.

## II. Preserved Issues

Appellant preserved issues twenty through twenty-five by including them in his 1925(b) statement and sufficiently developing them in his brief.

This Court has explained that "[w]hen reviewing a trial court's ruling on a petition to set aside a sheriff's sale, it is recognized that the trial court's ruling is one of discretion[.]" *Provident Nat. Bank, N.A. v. Song*, 832 A.2d 1077, 1081 (Pa. Super. 2003) (citation omitted). "[T]hus[,] a ruling will not be reversed on appeal absent a clear demonstration of an abuse of that discretion." *Id.* (citation omitted). With this standard of review in mind we review the merits of the issues Appellant preserved on appeal.

### A. Whether the trial court erred in denying Appellant's continuance for the hearing on preliminary objections.

In his twentieth issue, Appellant argues that he had requested that the September 3, 2015 hearing on the preliminary objections be continued. He claims that a few weeks prior to the hearing, he suffered a heart attack and requested a continuance. Appellant's Brief at 17-18. Appellant claims that he spoke with counsel for Appellee, who agreed to "call the trial court judge's law clerk to concur with the motion for continuance." *Id.* at 18. However, Appellant claims, counsel for Appellee "failed to do so and instead showed to argue on the scheduled date." *Id.* Appellant argues that "[w]hile Appellee's actions w[]ere in themselves reprehensible," the trial court acted with undue bias in not granting his continuance. *Id.*

A trial court's decision to grant or deny a continuance is reviewed for an abuse of discretion. *Ferko-Fox v. Fox*, 68 A.3d 917, 925 (Pa. Super. 2013). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the results of partiality, prejudice, bias or ill-will." *Id.* (citation omitted). This Court has explained that when determining if the trial court has abused its discretion in denying a request for a continuance, we consider the following factors: "whether there was prejudice to the opposing party by a delay, whether opposing counsel was willing to continue the case, the length of the delay requested, and the complexities involved in presenting the case." *Rutyna v. Schweers*, 177 A.3d 927, 933 (Pa. Super. 2018) (*en banc*)

(quoting **Papalia v. Montour Auto. Serv. Co.**, 682 A.2d 343, 345 (Pa. Super. 1996)).

Here, Appellant argues that counsel for Appellee at the time had orally agreed to continue the case but that he did not do so and instead showed up and argued on the day of the preliminary hearing. Appellant's Brief at 18. However, there is no evidence that this conversation took place. As for the length of the delay requested, Appellant did not specify a later time for the hearing to take place but requested that the continuance be of at least thirty days. Regarding complexities involved, the present case is a mortgage foreclosure case that did not present the complexities that the medical malpractice case in **Rutyna** did.

Regardless of whether Appellee was amenable to a continuance, we find no abuse of discretion. The trial court has broad discretion in granting or denying motions for continuance and decided to deny the motion. **See Fox**, 68 A.3d at 925. Moreover, nothing was decided at the preliminary hearing and it was not until after Appellant had filed his "Request for Reconsideration of the Denial of Defendant's Motion for Continuance" that the trial court entered an order granting Appellee's preliminary objections. **See** Trial Ct. Order, 10/14/15. Moreover, Appellant does not argue that he suffered any prejudice as a result of the continuance not being granted, nor could he, as the court struck Appellant's "Responsive Pleading" due to deficiencies and barred him from continued representation of the estate *pro se*. **See id.**

Therefore, we can glean no abuse of discretion from the court's denial of Appellant's motion for continuance.

## B. *Whether the trial court erred in denying Appellee's September 9, 2015 Motion to Strike.*

Appellant's twenty-first though his twenty-third issues are related, and we discuss them together. Appellant argues that the trial court "reverse[d] [itself] and grant[ed] the order to strike [A]ppellant from representing his own interest in the estate." Appellant's Brief at 20. He contends that the trial court denied Appellee's September 9, 2015 motion to strike because it failed to comply with local rule 208.2(d) regarding certification. *Id.* at 39-40. However, Appellant asserts, the trial court granted the same motion to strike without "waiting for the motion to be resubmitted" or "without a motion to show cause." *Id.* at 40. He argues that the trial court erred in denying the motion, and subsequently granting the same motion. *Id.* at 40-41. Appellant further argues that because local rules "consider all un-responded to motions as opposed . . . when the court decided to take up the motion it had denied[,] it erred in not issuing a citation upon [Appellant] to show cause" and thus "violated [A]ppellant's right to due process." *Id.* at 41.

Here, Appellee filed preliminary objections to Appellant's Responsive

Pleading[20] on March 23, 2015. On September 3, 2015, the trial court held a hearing on the preliminary objections. However, no action was taken at the time.

On September 9, 2015, Appellee filed a motion to strike. The trial court entered an order on September 10, 2015 in which it stated that it would not entertain Appellee's September 9, 2015 motion to strike because it failed to comply with local rules regarding certification. **See** Trial Ct. Order, 9/10/15. About a month later, on October 14, 2014, the trial court sustained Appellee's preliminary objections. In this order, the trial court struck Appellant's "Responsive Pleading" for not conforming to the Rules of Civil Procedure. The order further barred him from representing the estate *pro se* and from filing further pleadings.[21]

Appellant appears to believe that the trial court denied Appellee's September 9, 2015 motion to strike, and then granted the same motion when dismissing his Responsive Pleading. This is incorrect. As noted above, the

_____

[20] Appellant's Responsive Pleading did not conform to the Rules of Civil Procedure governing answers. **See** Pa.R.C.P. 206.2; **see also** Pa.R.C.P. 1022; 1029(a). Nevertheless, Appellee treated Appellant's responsive pleading as an answer to the complaint.

[21] We note that at the time the trial court entered this October 14, 2015 order barring Appellant from representing the estate *pro se* and from filing further pleadings, Appellant had not yet transferred the property to himself. **See** Trial Ct. Order, 10/14/15; Motion to Reassess Damages, 1/13/17 Ex. A (including deed dated July 20, 2016).

trial court ruled on two separate filings by Appellee: the March 23, 2015 preliminary objections and the September 9, 2015 motion to strike. The trial court did not entertain Appellee's September 9, 2015 motion and granted Appellee's March 23, 2015 preliminary objections when dismissing Appellant's Responsive Pleading.[22] Moreover, as we discuss below, we discern no error in the trial court's determination that Appellant could not represent the estate *pro se*. Accordingly, these issues are without merit.

### C. Whether Appellee made misrepresentations to the bankruptcy court in order to gain relief from the automatic stay.

Appellant claims that Appellee made misrepresentations to the bankruptcy court during Appellant's chapter 13 bankruptcy proceeding. Appellant argues that Appellee lied about the following: (1) Appellee insisted there were no other active liens against the property when in fact the Pennsylvania Housing Finance Agency had an active lien against the estate; (2) Appellee had claimed that Appellant had transferred the property in June and that this transfer delayed the sale of the property, however, the transfer of the property was in July and did not affect the date the sale was scheduled; and (3) Appellee had asserted it did not have an actual appraisal price when the property had been appraised and when Appellee's gave a "highly exaggerated" guessed value. *Id.* at 28-29.

---

[22] Regarding Appellant's claim that he was precluded from further representing the estate *pro* se, we discuss the aspects of the order directing the estate to obtain counsel below.

Assuming we could entertain Appellant's claim, the time to raise them has long passed. The bankruptcy court entered an order granting Appellee's motion for relief from the automatic stay on December 1, 2016, and an amended order on December 13, 2016. *See* Fed. R. Bank. P. 8002(a).

**D. Whether the trial court erred in barring Appellant from representing the estate.**

In his twenty-fifth issue on appeal, Appellant is essentially challenging the October 14, 2015 order that, *inter alia*, directed the estate to obtain counsel. He argues that there were insufficient funds in the estate to hire counsel and that by barring him from representing the estate, the estate was effectively stripped from the only representation it had available.

The October 14, 2015 order, in relevant part, stated:

> Douglass Howard, Jr., the Administrator of the Estate of Margaret A. Howard . . . is representing the Estate *pro se*, yet is not an attorney at law licensed in his Commonwealth, it is hereby ORDERED that Douglass Howard, Jr., may not represent the Estate, and is barred from filing any further pleadings. **See[]** *In re Estate of Rowley*, 84 A.3d [337] (Pa. Commw. Ct. 2013) (holding that an administrator of an estate may not represent the estate *pro se*, and that doing so constitutes the unauthorized practice of law). The Estate is hereby directed that it may proceed in this matter by retaining an attorney licensed in this Commonwealth, with that attorney entering his or her appearance and filing a responsive pleading to the Plaintiff's Complaint within forty-five (45) days of the date of this Order. If no attorney enters his or her appearance and files a responsive pleading with[in] forty-five (45) days of the date of this Order, then the Plaintiff shall be entitled to file a praecipe for default judgment pursuant to Pa.R.C.P. 1037 without any further notice to the Estate.

Order, 10/14/15.

The question of whether to permit *pro se* representation of an estate is a question of law. **See Harkness v. Unemployment Compensation Bd. Of Review**, 920 A.2d 162, 166 n.2 (Pa. 2007) (noting that whether to permit a non-lawyer to represent an employer in unemployment compensation proceedings was a matter of law). Accordingly, our standard of review is *de novo* and our scope of review is plenary. *Id.*

In **Rowley**, the administrator of the estate, Miller, filed a petition to vacate the judicial tax sale of the property in question. **Rowley**, 84 A.3d at 338. The Westmoreland County Tax Bureau filed a motion to dismiss Miller's petition arguing that Miller was engaging in unauthorized practice of law by representing the estate. *Id.* The trial court subsequently entered an order holding that an estate must be represented by a licensed attorney. *Id.*

In affirming, the **Rowley** Court applied the **Harkness** factors.[23] The **Rowley** Court explained that "[l]ike a corporation, an estate can only act

_____

[23] The **Rowley** court discussed the **Harkness** factors as follows:

> [T]he factors our Supreme Court considered in determining whether a person should be able to represent the interests of another before an administrative agency were whether the proceedings by design are intended to be brief and informal, not intended to be intensely litigated; whether the evidentiary rules apply; the amounts generally at issue in proceedings of that type; whether there is prehearing discovery; whether normally only questions of fact and not

through an agent; in this case, an administrator. An estate by its very nature cannot represent itself and, therefore, must be represented by a licensed attorney, regardless of the relation between the administrator and the decedent." *Id.* (citing **Williams v. USP-Lewisburg**, 2009 WL 4921316 (M.D. Pa. Dec. 11, 2009)). The Court further stated that "[t]o permit an unlicensed lay administrator to appear *pro se* would be to permit the unauthorized practice of law." *Id.* (citing **Williams**, 2009 WL 4921316). The **Rowley** Court also cited to **Pridgen v. Andresen**, 113 F.3d 391 (2nd Cir. 1997), which held that "an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant." *Id.* at 393.

The **Rowley** Court concluded that "the trial court's decision to not allow Miller to represent the Estate is consistent with the principles expressed in [**Williams** and **Pridgen**.]" *Id.* at 342. The Court continued, stating that as "the trial court specifically found that there are other parties that will be affected by the outcome of these proceedings—Miller's brother-in-law and a creditor—estates also normally involve third parties and payment of estate taxes to the Commonwealth." *Id.*

---

complex legal issues are involved; and whether the fact-finder is not required to be a lawyer.

**Rowley**, 84 A.3d at 341 (emphasis omitted).

We find persuasive the analysis in **Rowley** and adopt it herein.[24] We are mindful that some estates are small and might struggle to hire counsel. Nevertheless, "[g]iven the complex legal issues that may arise during the representation of an estate, such as challenging a judicial sale, prohibiting a non-attorney from representing an estate is essential to protecting the interests of the public." **Id.** Accordingly, we agree with the trial court that Appellant cannot represent the estate *pro se*.

Finally, we note that Appellant claims that he is attempting to represent his own interests as opposed to the interests of the estate. On July 20, 2016, Appellant attempted to transfer the property to himself. **See** Motion to Reassess Damages, 1/3/17, at Ex. A (attaching deed). A review of the certified record indicates that both the trial court and Appellee were aware of this transfer. **See id.** at 4, ¶ 16; Appellee's Answer with New Matter to Petition to Set Aside the Sale of the Property, 4/6/17, at 6, ¶ 34.

However, the certified record does not reveal that a determination was made regarding the validity of the purported transfer. If the transfer of the property is in fact valid, Appellant may represent himself because, as the owner, he would have an individual interest in the property. Therefore, we

---

[24] "This Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." **Petow v. Warehime**, 996 A.2d 1083, 1088 n.1 (Pa. Super. 2010) (citation omitted).

remand to the trial court to determine whether Appellant has a personal interest in the case such that he may proceed *pro se* on his own behalf.

Accordingly, we affirm the trial court's order to the extent that Appellant cannot represent the estate *pro se* and is barred from filing further pleadings on behalf of the estate. However, we remand for further proceedings to determine whether Appellant may act on his own behalf in order set aside the sale.

Order affirmed in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/01/18