J-A26039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GEOFFREY KNAAK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHEILA TERPIN | : | |
| | : | |
| Appellant | : | No. 10 EDA 2020 |

Appeal from the Order Entered February 26, 2019
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s): No. 2016-006259

| | | |
|---|---|---|
| GEOFFREY KNAAK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHEILA TERPIN | : | |
| | : | |
| Appellant | : | No. 11 EDA 2020 |

Appeal from the Order Entered April 29, 2019
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s): No. 2016-006259

| | | |
|---|---|---|
| GEOFFREY KNAAK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHEILA TERPIN | : | |
| | : | |
| Appellant | : | No. 12 EDA 2020 |

Appeal from the Order Entered April 29, 2019
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s): No. 2016-006259

| | | |
|---|---|---|
| GEOFFREY KNAAK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

J-A26039-20

|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| SHEILA TERPIN | : |  |
|  | : |  |
| Appellant | : | No. 14 EDA 2020 |

Appeal from the Decree Entered November 26, 2019
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s):  No. 2016-006259

| GEOFFREY KNAAK | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| SHEILA TERPIN | : |  |
|  | : |  |
| Appellant | : | No. 25 EDA 2020 |

Appeal from the Order Entered January 25, 2018
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s):  No. 2016-006259

| GEOFFREY KNAAK | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| SHEILA TERPIN | : |  |
|  | : |  |
| Appellant | : | No. 26 EDA 2020 |

Appeal from the Order Entered February 26, 2019
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s):  No. 2016-006259

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

---

[*] Former Justice specially assigned to the Superior Court.

- 2 -

J-A26039-20

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED NOVEMBER 06, 2020**

In these consolidated appeals, Appellant Sheila Terpin ("Wife") appeals from the November 26, 2019 decree entered by the Court of Common Pleas of Delaware County that finalized Wife's divorce from Appellee Geoffrey Knaak ("Husband"). Wife also purports to appeal five interlocutory rulings that were entered on the same trial court docket between January 2018 and April 2019.[1] We quash the five interlocutory appeals filed at 10-12 EDA 2020 and 25-26 EDA 2020 and affirm the November 26, 2019 divorce decree which Wife appealed at docket 14 EDA 2020.

Husband and Wife married on June 30, 2006, and after ten years of marriage, the parties separated in 2016. No children were born of the marriage. On July 20, 2016, Husband filed a Complaint in Divorce, and on July 25, 2017, Wife filed an Answer and Counterclaim. On January 25, 2018, the trial court entered an order noting that discovery was complete and directing the parties to submit their economic claims to a divorce master. After a hearing, the divorce master filed a report and recommendation on August 6, 2018.

---

[1] In addition to the six notices of appeal filed at the instant trial court docket (No. 2016-006259), Wife filed a seventh notice of appeal to challenge the order entered by the Honorable William C. Mackrides awarding Wife Alimony *Pendente Lite* (APL) to assist her during the pendency of the divorce litigation. We have resolved the appeal of the support order (entered at trial court docket 2015-01676, PACSES No. 985115468) in a separate memorandum at docket number 13 EDA 2020.

Wife filed an appeal and a demand for a *de novo* hearing. On January 23, 2019, Wife filed a Motion *in Limine* for Sanctions. However, before the equitable distribution hearing, the parties reached an agreement resolving all their economic issues. The trial judge, the Honorable Linda Cartisano, summarized the subsequent procedural background as follows:

> The equitable distribution trial in this matter was scheduled [for] January 24, 2019. Upon agreement of the parties placed upon the record in open court, at which time both parties were represented by counsel (Andrew Bongiovanni, Esquire, for [Husband], and Scott A. Lisgar, Esquire, for [Wife,]) both parties agreed to the terms of the equitable distribution settlement agreement. After extensive colloquies of the parties, an agreement was placed upon the record dispositive of all outstanding claims before the Court in their equitable distribution proceeding. The Court approved the agreement put on the record on January 24, 2019 and accepted the parties' colloquy on the record.
>
> The parties agreed that Wife shall receive sixty percent (60%) of the marital estate. It was also agreed that alimony is to be paid to Wife at the rate of $3,000.00 per month for a period of 30 months. Once all of the terms of the agreement were placed upon the record, counsel asked [Wife]: "Q: Ms. Terpin, do you agree to those terms? Yes or no? A. I do agree, yes. Q. Fair enough. A. I do agree.

Trial Court Opinion (T.C.O.), 2/20/20, at 1.

Thereafter, on February 21, 2019, Wife filed a Motion for Recusal and an Emergency Petition for Special Relief. On February 26, 2019, Husband filed an Answer to these motions. On February 26, 2019, the trial court denied Wife's Motion for Recusal and her Emergency Petition for Special Relief.

On April 29, 2019, the trial court entered an equitable distribution order after the parties failed to submit a signed Property Settlement Agreement that

reflected the terms of the January 24, 2019 agreement. The trial court also entered an order denying Wife's Motion *in Limine* for Sanctions as moot based on the fact that the parties had reached an agreement.

On May 10, 2019, Wife filed a Motion to Modify the Court Order. On May 29, 2019, the Court amended its original equitable distribution order to note that a particular bank account was Wife's non-marital property. On June 25, 2019, Wife filed another Motion to Modify the Court Order. On July 10, 2019, the trial court entered an order granting the Motion to Modify. On October 29, 2019, the trial court issued a second amended equitable distribution order, clarifying how certain stocks were to be distributed. On November 26, 2019, the trial court entered the divorce decree.

On December 19, 2019, Wife filed seven notices of appeal. With respect to the instant trial court docket, Wife appealed the divorce decree but also purported to appeal from five prior related rulings entered by the Honorable Linda Cartisano. Wife's seventh notice of appeal challenged the support award of Alimony Pendente Lite (APL) to Wife entered by the Honorable William C. Mackrides on a separate support docket; this Court has resolved the appeal of the support order in a separate memorandum at docket number 13 EDA 2020.

On December 31, 2019, the trial court issued an order specifically directing Wife to file a "Statement of Matters Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b)" at docket 2016-006259. Order, 12/31/19, at 1. Wife filed six separate Rule 1925(b)

statements that raised a total of forty-five issues for review on her six appeals of the case at one single docket. On February 7, 2020, this Court consolidated the appeals *sua sponte* pursuant to Pa.R.A.P. 513.

On February 22, 2020, the trial court filed a responsive opinion pursuant to Pa.R.A.P. 1925(a), emphasizing that Wife had not filed a *concise* statement of errors on appeal but had raised forty-five issues, most of which were "redundant, frivolous, and not set forth in an appropriately concise manner." T.C.O. at 7. As such, the trial court indicated that Wife "deliberately circumvented the meaning and purpose of Rule 1925(b)" and hampered the trial court's ability to review Wife's claims of error. *Id*. (quoting **Kanter v. Epstein**, 866 A.2d 394, 400-401 (Pa.Super. 2004)). Nevertheless, the trial court attempted to address Wife's forty-five allegations in a fifty-six page opinion.

As a preliminary matter, we must determine whether Wife's six appeals filed on the same docket are properly before this Court. It is well-established that "an appeal of a final order subsumes challenges to previous interlocutory decisions." **Betz v. Pneumo Abex**, **LLC**, 615 Pa. 504, 547, 44 A.3d 27, 54 (2012). **See also** Pa.R.A.P. 341, note (providing that "[a] party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order"). This Court has held "[o]rders of property distribution are not appealable until entry of a final divorce Decree[.]" **Schenk v. Schenk**, 880 A.2d 633, 638 (Pa.Super. 2005).

Wife specifically appeals from the November 26, 2019 divorce decree, but also sought to file separate appeals from the five orders entered prior to the divorce decree, including the trial court's January 25, 2018 order indicating that discovery was complete, the February 26, 2019 order denying Wife's motion for recusal, the February 26, 2019 order denying Wife's Emergency Petition for Special Relief, the April 29, 2019 equitable distribution order, and the April 29, 2019 order denying Wife's Motion *in Limine* for Sanctions. As such, we quash Wife's five interlocutory appeals docketed at 10-12 EDA 2020 and 25-26 EDA 2020. However, we may review Wife's various claims in addressing the remaining appeal before this Court.

We next address the trial court's finding that Wife failed to comply with its directive to file a *concise* statement of errors on appeal pursuant to Pa.R.A.P. 1925(b). The text of Rule 1925(b)(4) expressly provides that: "(i) [t]he Statement shall set forth only those errors that the appellant intends to assert [and] (ii) [t]he Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(i)-(ii).

In a similar case, in **Kanter**, this Court found the appellants failed to comply with the trial court's direction to file a concise statement of errors complained of appeal pursuant to Pa.R.A.P. 1925(b) when they each submitted a fifteen-page statement, raising fifty-four and forty-nine issues, respectively, for a total of 104 issues. This Court provided that:

In **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998), the Pennsylvania Supreme Court specifically held that "from this date forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal Pursuant to Pennsylvania Rule of Appellate Procedure 1925. **Lord**, 719 A.2d at 309. "Any issues not raised in a 1925(b) statement will be deemed waived." **Id**. This Court explained in **Riley v. Foley**, 783 A.2d 807, 813 (Pa.Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. This Court has further explained that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." **Commonwealth v. Dowling**, 778 A.2d 683, 686-87 (Pa.Super. 2001). "Even if the trial court correctly guesses the issues Appellants raise on appeal and writes an opinion pursuant to that supposition[,] the issues are still waived. **Commonwealth v. Heggins**, 809 A.2d 908, 911 (Pa.Super. 2002).

\*\*\*

The Defendants' failure to set forth the issues that they sought to raise on appeal in a *concise* manner impeded the trial court's ability to prepare an opinion addressing the issues that the Defendants sought to raise before this Court, thereby frustrating this Court's ability to engage in a meaningful and effective appellate review process. **See Commonwealth v. Steadley**, 748 A.2d 707, 709 (Pa.Super. 2000); **see also Commonwealth v. Kimble**, 756 A.2d 78, 80 (Pa.Super. 2000). By raising an outrageous number of issues, the Defendants have deliberately circumvented the meaning and purpose of Rule 1925(b) and have thereby effectively precluded appellate review of the issues they now seek to raise.

**Kanter**, 866 A.2d at 401 (footnote and brackets omitted; emphasis in original). As such, the **Kanter** court found that the defendants had failed to preserve their issues for review on appeal. Further, the **Kanter** Court concluded that the defendants had engaged in misconduct by raising a

multitude of issues that they did not intend to or could not raise on appeal in an attempt to overwhelm the Court. *Id*. at 402.

Likewise, in this case, Wife raised forty-five issues in her Rule 1925(b) statements, which she listed in her eight-page Statement of Questions Presented in her appellate brief. As noted in *Kanter*, Wife raised more issues in her 1925(b) statements than she could possibly develop on appeal. This voluminous number of issues caused the trial court to guess which issues Wife would ultimately choose to raise on appeal. This Court has held "[w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Id*. at 401 (quoting *Commonwealth v. McCree*, 857 A.2d 188, 192 (Pa.Super. 2004)).

We also find that Wife engaged in misconduct by including the forty-five issues in her concise statements when she ultimately only raised three vague assertions of error in her analysis section of her brief. Like the defendants in *Kanter*, Wife breached her duty of good faith and fair dealing with the court. As we noted in *Kanter*:

> [w]e can only conclude that the motive underlying such conduct is to overwhelm the court system to such an extent that the courts are forced to throw up their proverbial hands in frustration. While such tactics may prove successful in other situations, we are unwilling to succumb to such chicanery and will not reward such misconduct.

*Kanter*, 866 A.2d at 402-403. Accordingly, we conclude Wife has failed to preserve her issues for review on appeal.

Appeals at 10-12 EDA 2020 and 25-26 EDA 2020 quashed. Divorce Decree appealed at 14 EDA 2020 affirmed.

P.J.E. Bender joins the memorandum.

Judge Lazarus Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/20